IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW DENVER,

    Plaintiff,

        v.

RAY MABUS in his official capacity as
SECRETARY OF THE NAVY,

    Defendant.

15cv0890
**ELECTRONICALLY FILED**

### MEMORANDUM OPINION RE: DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (DOC. NO. 7)

**I.    Introduction**

Plaintiff, Matthew Denver, commenced this legal action under the Administrative Procedures Act ("APA," 5 U.S.C. §§701-706) against the Secretary of the Navy seeking redress from the decision of the Board for Correction of Naval Records ("BCNR"), denying his request for reconsideration of his discharge from the Navy in 1983 with an "Other Than Honorable" classification. Doc. No. 1. Plaintiff seeks the following: (1) a determination from this Court that a material error occurred in his case before the administration separation board; (2) a reversal of the BCNR's decision; (3) an Order upgrading his discharge from Other than Honorable; and/or (4) a remand of this action to the BCNR. Id. at pgs. 3-4. Currently pending before this Court is a Motion to Dismiss for Lack of Jurisdiction and/or Motion for Summary Judgment filed by Defendant. Doc. No. 7. Plaintiff wholly opposes Defendant's Motion, which is premised on Federal Rule of Civil Procedure 12(b)(1) and, alternatively, Rule 56. Doc. No. 16.

## II. Standard of Review

### A. Rule 12(b)(1)

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007), quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true. *Id.* A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When, as in this case, a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302, quoting *Mortenson*, 549 F.2d at 891. In a

factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

**B.     Review of a Decision of An Administrative Agency**

In reviewing the decision of an administrative agency, such as the Bureau for Correction of Navy Records, the Court is limited to the administrative record. 5 U.S.C. § 706; *Frazier v. Mabus*, 901 F.Supp.2d 600, 613 (W.D. Pa. 2012), citing *Fuller v. Winter*, 538 F.Supp.2d 179, 185 (D.D.C. 2008). As such, the Court is not to determine how it would have decided the matter and "is not to substitute its judgment for that of the agency." *Prometheus Radio Project v. F.C.C.*, 373 F.3d 372, 389 (3d Cir. 2004). The appropriate standard to set aside agency decisions is limited to those that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Baugh v. Sec'y of the Navy*, 504 F.Appx. 127, 130 (3d Cir. 2012).

**C.     Case Law - BCNR**

Pursuant to 10 U.S.C. § 1552(a)(1) , the Secretary of the Navy is authorized to correct error in and remove injustice from the records of current and former members of the Navy and Marine Corps through the BCNR. The BCNR is not an investigative body, and instead its function is to determine the existence of error or injustice in Naval records of current and former members of the Navy (and Marine Corps) and to make recommendation to or take corrective action on the Secretary's behalf.

The BCNR reviews all pertinent evidence of record, and will deny relief when the "record fails to demonstrate the existence of probable material error or injustice." 32 C.F.R. § 723.3(e)(1). Applicants bear the burden of overcoming the presumption of regularity to support the official actions of public officials and, in the absence of substantial evidence to the contrary,

it shall be presumed that these officials have properly discharged their official duties. Id. The BCNR has authority for final action to correct a record as delegated by the Secretary, and need only provide a rational explanation for the decision based on the administrative record. 5 U.S.C. § 706(2)(E). Once the BCNR fairly considers all the evidence in the record, it is "free to draw [its] own reasonable inferences and conclusions from the evidence before [it]." *Mudd v. Caldera*, 134 F.Supp.2d 138, 143 (D.D.C. 2001).

### III. Background Facts

Plaintiff served in the United States Navy from 1979 to 1983. Doc. No. 1, ¶ 5. Plaintiff was discharged for alleged marijuana possession and use while in the service. Id. at ¶ 6. The decision to discharge Plaintiff was made by the administrative discharge board following a hearing. Id. at ¶¶ 6-7. During this hearing, Plaintiff alleges he was compelled to incriminate himself in violation of the Fifth Amendment and applicable Navy regulations. Id. at ¶¶ 9-10. Plaintiff was assigned an "other than honorable" discharge classification. Id. at ¶ 11.

In 2012, Plaintiff requested that his discharge status be changed by the Board of Corrections of Naval Records, which was denied in May of 2013. Id. at ¶ 12. Plaintiff requested a reconsideration of this denial, which was also denied. Id. at ¶¶ 13-14.

### IV. Discussion

As noted by both Parties, the Court's focus is not on the decision to discharge Plaintiff or the corresponding classification, but, rather, on the process associated with this decision. *Baugh*, 504 Fed. Appx. at 130. Plaintiff contends that Defendant's Motion must be denied and the case remanded for further consideration because the underlying record was incomplete and thus, the decision was arbitrary and capricious. Doc. No. 16, pg. 13. Specifically, Plaintiff contends that the following information was not included in the record: (1) Plaintiff's written statement; (2) a

4

record of the hearing; (3) a witness statement corroborating alleged bias by one of the separation board members; and (4) some of Plaintiff's favorable work evaluations. Both Parties agree that the BCNR is required to review all "relevant factors." *Motor Vehicles Mfrs. Assn. of U.S. v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 42-3 (1983). Defendant argues that the documents noted above are not relevant to Plaintiff's claims and the resultant decision would have been the same even if the documents were considered.

The Court confines its review in this case to the procedure of the underlying decision, not the merits. The documents identified by Plaintiff as incomplete from the record are relevant to his claims and support allegations of bias and other factors, which could have affected the his discharge classification. Without evidence that these documents were considered by the BCNR, the Court cannot find that the decision comports with the deferential standard of review. *Motor Vehicles*, 463 U.S. at 43 ("The reviewing court should not attempt itself to make up for [] deficiencies.") In so finding, the Court does not substitute its judgment for that of the BCNR and does not deem to make any determination as to an appropriate agency disposition. However, the Court finds that all of the relevant information was not before the BCNR and thus, remand is the only appropriate remedy.

### V.  Order

AND NOW, this 19th day of October, 2015, IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgement (Doc. No. 7) is **DENIED**;

2. The case is **REMANDED** to the Board for Correction of Naval Records for further consideration based upon Plaintiff's complete Official Military Personnel File; and

3. The Clerk of Court shall mark this **CASE CLOSED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:    All Registered ECF Counsel and Parties