IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW DENVER,

        Plaintiff,                        15cv0890
                                           **ELECTRONICALLY FILED**

        v.

RAY MABUS in his official capacity as
SECRETARY OF THE NAVY,

        Defendant.

**MEMORANDUM ORDER Re: PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Plaintiff Matthew Denver filed this action under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706 seeking redress from a decision of the Board for Correction of Naval Records ("BCNR") denying his request for reconsideration of his discharge status. In his Complaint, Plaintiff sought either (1) a determination from this Court that a material error occurred in his case before the administration separation board; (2) a reversal of the BCNR's decision; (3) an Order upgrading his discharge from Other than Honorable; and/or (4) a remand of this action to the BCNR. Doc. No. 1.

Defendant (the "Navy") filed a Motion to Dismiss for Lack of Jurisdiction or, alternatively, a Motion for Summary Judgment. Doc. No. 7. After briefing by the Parties which revealed that several relevant documents were missing from the administrative record, this Court denied the Navy's Motion(s) and granted Plaintiff the relief he sought (in the alternative) to remand the case to the BCNR - - ordering that his complete Official Military Personnel File,

including the documents which were missing from the administrative record, be considered. Doc. No. 19.

Now before the Court is Plaintiff's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act. Doc. No. 20. Plaintiff seeks fees and costs in the amount of $8,300.64 for time spent by one attorney and two students of the University of Pittsburgh School of Law Veterans Practicum associated with litigating this action to remand to the BCNR and filing the instant Motion. *Id.* The Navy contends that Plaintiff is not entitled to fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)(1), because he is not a "prevailing party" for purposes of the Act. Doc. No. 25. The Navy does not otherwise challenge Plaintiff's Motion. *Id.*

**I. Standard for Review**

Under EAJA, a prevailing party in a civil suit against the United States may be awarded attorney's fees if the government's position in the action was not substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Morgan v. Perry*, 142 F.3d 670 (3d Cir. 1998). To find that a party has prevailed under EAJA, the court's ruling in the case must represent a "material alteration of the legal relationship of the parties." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). If a court (1) sets aside an agency decision, (2) remands the matter to the agency, and (3) does not retain jurisdiction of a matter pending agency review, but terminates the judicial proceedings in favor of the plaintiff, then the plaintiff is a prevailing party for purposes of EAJA. *Johnson v. Gonzales*, 416 F.3d 205, 209-10 (3d Cir. 2005). This is true regardless whether the plaintiff ultimately prevails in the underlying agency action on remand. *Id.*

The government bears the burden of showing that its position was substantially justified and must show "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.*

## II. Plaintiff is Entitled to Fees and Costs Under EAJA

### a. Plaintiff is a Prevailing Party

The Navy argues that Plaintiff is not a prevailing party because it considers this Court's Order remanding the case to the BCNR and relinquishing jurisdiction purely "procedural" - - stating that the Court did not "assign any error to the BCNR's decision on the merits." Doc. No. 25 p. 3-4. The Navy also argues that "[b]ased upon the plain language of the Court's decision, the BCNR is free to review the additional documents and make the exact same decision Plaintiff challenged in his Complaint." *Id.*

This argument misses the mark. First, Plaintiff correctly points out that the United States Court of Appeals for the Third Circuit has not adopted the "express or implied agency error requirement for prevailing party status." Doc. No. 26 p. 2. Second, although the BCNR may review the Plaintiff's case on remand and come to the same decision, this Court's decision remanding the case found that it was error for the agency to fail to review the Plaintiff's complete Official Military Personnel File as the BCNR is required to review all "relevant factors." *Motor Vehicles Mfrs. Assn. of U.S. v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 42-43 (1983); *see also* doc. no. 19 p. 5 ("The documents identified by Plaintiff as incomplete from the record are relevant to his claims . . . Without evidence that these documents were considered by the BCNR, the Court cannot find that the decision comports with the deferential standard of review.)

Third, the Court of Appeals squarely addressed this issue in *Johnson* - - where it found that an alien who succeeded in his petition for review of a Board of Immigration Appeals ("BIA") decision before the Court of Appeals, based upon the BIA's failure to consider testimony from the alien during a second hearing, was a "prevailing party" under EAJA even though the decision only entitled the alien to a remand to the BIA. 416 F.3d at 209-210.

And finally, the Navy's reliance on several recent Court of Federal Claims decisions is inapposite. Doc. No. 25, pp. 5-6. In both *Shafer v. United States*, 2015 WL 8268230 (Fed. Cl. Ct. Dec. 8, 2015), and *Hughett v. United States*, 110 Fed. Cl. 680 (2013), the parties agreed to remand to the respective agency for review. Here, although Plaintiff offered to jointly move for remand prior to briefing of the Navy's Motion(s), the Navy refused and chose to litigate the case. Doc. No. 26, p.3 and Exh. A.

### b. The Navy's Position was not Substantially Justified

The Navy does not address whether its position at the agency level or in litigating its Motion(s) herein was substantially justified. As such, the Navy has waived any argument on this issue. *Johnson*, 416 F.3d at 211. As it is the government's burden to prove that its position was substantially justified to avoid an award of EAJA fees, *id.*, the Court finds that the Navy's position was not substantially justified.[1]

---

[1] Even if the Navy had submitted argument on this issue, it would be difficult for the Court to find that the agency's position was substantially justified when it did not dispute that the BCNR should have considered all relevant materials and should have obtained the documents identified as missing from the record - - including the statement of the Plaintiff that related to his discharge and a witness statement that corroborated evidence of bias. *See* Doc. No. 19, pp. 4-5.

### III. Conclusion

Based upon the foregoing, Plaintiff's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act is GRANTED.  It is ORDERED that Defendant shall pay the sum of $8,300.64 to the University of Pittsburgh for Plaintiff's attorneys fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

                                                **SO ORDERED** this 4th day of February 2016.

                                                s/Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:       All Registered ECF Counsel and Parties